UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PETER J. COLEMAN, | : | Hon. Joseph H. Rodriguez |
| *Plaintiff*, | : | |
| | : | Civil No. 23-20122 |
| v. | : | |
| ASHLEY J. COLEMAN and THOMAS S. COLEMAN | : | **OPINION** |
| *Defendants.* | : | |

This matter is before the Court on Defendant Ashley J. Coleman's Motion to Dismiss for Lack of Subject Matter Jurisdiction. [Dkt. No. 7]. The Court is in receipt of Plaintiffs' opposition [Dkt. 10] and Defendant Ashley Coleman's reply [Dkt. 11]. The Court has considered the written submissions of the parties as well as the arguments advanced at the hearing convened on February 15, 2024. For the reasons set forth herein, the Motion will be granted and the Complaint will be dismissed without prejudice and with leave afforded to Plaintiff to amend the Complaint within thirty (30) days.

**I.    Background**

This action is a dispute over purported loan agreements pursuant to which Defendants allegedly owe certain outstanding obligations to Plaintiff. Plaintiff, Peter Coleman is the father of Co-Defendant, Thomas Coleman. Co-Defendant Ashley Coleman is the former spouse of Co-Defendant Thomas Coleman. Ashley and Thomas Coleman were divorced by Dual Final Judgment of Divorce in the Superior Court of New Jersey, Chancery Division-Family Part on August 1, 2022.

1

Plaintiff alleges in his Complaint that "[o]n September 23, 2015, November 14, 2017, and on other dates presently unascertained, Plaintiff and Defendants entered into a series of written and oral contracts. (See, e.g., Exhibits 'A' and 'B')[.]" Compl. ¶ 7. According to Plaintiff, Plaintiff provided Defendants with loans under the terms of these contracts, which he alleges required Defendants to "repay these loans with interest, with Plaintiff holding an interest in real property at 249 Mountwell Avenue, Haddonfield, NJ 08033 until the loans were repaid in full." Compl. ¶¶ 8-9. Plaintiff claims Defendants failed to repay these loans and are in breach of contract, with "the unpaid loan amounts, inclusive of costs and interest, exceed[ing] $75,000.00." Compl. ¶¶ 10-13, 15-18.

Defendant Ashley Coleman brings the instant Motion to Dismiss for lack of jurisdiction challenging Plaintiff's representation that the amount in controversy satisfies the $75,000 threshold for diversity jurisdiction under F.R.C.P. 12(b)(1) and F.R.C.P. 12 (b)(6), as it applies to herself. In support of her challenge, Ms. Coleman introduces filings from Defendants' State domestic relations action. *See* Decl. of John C. Grady ¶ 3, Exhibit 2, Amended Dual Final Judgment of Divorce; Decl. of John C. Grady ¶ 4, Exhibit 3, Stipulations of Settlement; [Decl. of John C. Grady ¶ 6, Exhibit 5, Thomas Coleman's Notice of Cross Motion for Enforcement of Litigant's Right's.

Exhibit "B" to the Complaint is a November 14, 2017 email from Thomas Coleman to Peter Coleman relating to the "Mountwell" loan. This exhibit contains no details regarding the amount owed, interest rates, or costs under the "Mountwell" loan. Nevertheless, Ashley Coleman acknowledges for the purpose of the instant Motion that the email contained in Exhibit "B" concerning the "Mountwell" loan refers to "the $25,000 obligation ruled on by the New Jersey Superior Court in the divorce

proceedings[,]" the balance of which the State court found Ashley Coleman and Thomas Coleman are responsible for 50%, respectively. Mot. at *2, 3; Decl. of John C. Grady ¶ 3, Exhibit 2, Amended Dual Final Judgment of Divorce at *3.

Exhibit "A" to the Complaint is a September 23, 2015 email from Thomas Coleman to Peter Coleman relating to what has been identified as the "Tacoma" loan. As with its counterpart, this exhibit likewise contains no details regarding an amount owed, interest rates, or costs. Unlike the other loan, however, Ashley Coleman disputes that she bears any responsibility under any purported agreement for the "Tacoma" loan and instead contends that Thomas Coleman is the sole obligor. *See* Mot. at *1-2 ("A separate loan was stipulated to be solely Thomas Coleman's responsibility."). As to the "Tacoma" loan, the Amended Dual Final Judgment of Divorce provides that "[Ashley Coleman's] equity in the rental properties shall be determined by . . . the loan owed to Peter Coleman, otherwise known as the 'Tacoma Loan' as Peter Coleman took a loan against his Tacoma property to fund the purchase of the rental." Decl. of John C. Grady ¶ 3, Exhibit 2, Amended Dual Final Judgment of Divorce at *5. The Stipulations of Settlement reference that "Ms. Coleman's equity [in rental properties] will be determined by the balance of the Chase loans and the loan owed to Peter Coleman. We call that the Tacoma loan, because he took a loan against the Tacoma property for it . . ." Decl. of John C. Grady ¶ 4, Exhibit 3, Stipulations of Settlement, 6:3-6.

## II.   Legal Standard

Federal district courts have subject matter jurisdiction over suits in which the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Schober v. Schober*, 761 F. App'x

3

127, 129 (3d Cir. 2019). A pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim. Fed. R. Civ. P. 12(b)(1); *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "[A] general allegation [that the jurisdictional amount exists] when not traversed is sufficient, unless it is qualified by others which so detract from it that the court must dismiss *sua sponte* or on defendant's motion." *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S. Ct. 725, 729, 83 L. Ed. 1111 (1939); *see also Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 396 (3d Cir. 2016); *CHEP USA v. Cutler Bros. Box & Lumber Co.*, No. CV 23-8498 (SRC), 2023 WL 8090713, at *2 (D.N.J. Nov. 21, 2023).

      Parties moving to dismiss under Federal Rule of Civil Procedure 12(b)(1) may raise a facial or factual challenge to subject-matter jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). A facial attack asserts that the factual allegations in a complaint are "insufficient to invoke the subject matter jurisdiction of the court[.]" *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). If the motion raises a facial attack, "the court may consider only the allegations contained in the complaint and the exhibits attached to the complaint, matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies, and indisputably authentic documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss." *John G. v. Ne. Educ. Intermediate Unit 19*, 490 F. Supp. 2d 565, 575 (M.D. Pa. 2007), on reconsideration, No. CIV.A. 3:06-CV-01900,

2007 WL 2844828 (M.D. Pa. Sept. 26, 2007) (citing generally *Pension Benefit Guar. Corp.*, 998 F.2d at 1196–97) (internal quotations omitted); *see also Spangler v. Centers for Medicare & Medicaid Servs.*, No. 1:18-CV-01297, 2019 WL 4194276, at *2 (M.D. Pa. Sept. 4, 2019). "[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." *Const. Party of Pennsylvania*, 757 F.3d at 358 (citing *In re Schering Plough Corp.*, 678 F.3d at 243).

A factual challenge attacks the factual basis for a plaintiff's claim to federal jurisdiction. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008), as amended (Sept. 29, 2008). "A factual attack . . . is an argument that there is no subject matter jurisdiction because the facts of the case—and here the District Court may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction." *Const. Party of Pennsylvania*, 757 F.3d at 358. In the context of a factual challenge, the trial court may weigh evidence outside the pleadings, and the existence of disputed material facts does not preclude the trial court from evaluating for itself the merits of jurisdictional claim. *Id.* (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)) (internal quotations omitted); *see also U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) ("If this is a factual attack . . . it is permissible for a court to review evidence outside the pleadings."). No "presumptive truthfulness attaches to plaintiff's allegations[.]" *Mortensen*, 549 F.2d 884, 891 (3d Cir. 1977) ("the trial court is free to weigh evidence and satisfy itself as to the existence of its power to hear the case."); *see also Martinez v. U.S. Post Office*, 875 F. Supp. 1067, 1070 (D.N.J. 1995); *Const. Party of Pennsylvania*, 757 F.3d at 358.

If there is a dispute over the relevant jurisdictional facts, the party asserting federal jurisdiction bears the burden to establish it by a preponderance of the evidence, with the burden resting on the party alleging jurisdiction. *Schober*, 761 F. App'x at 129 (3d Cir. 2019); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("[The party asserting federal jurisdiction when it is challenged has the burden of establishing it."). "[I]n the plethora of cases in which disputes regarding factual matters are involved, the *McNutt* preponderance of the evidence standard is appropriate for resolving the dispute."). *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 518 (D.N.J. 2007). In *McNutt*, the plaintiff brought suit in federal court and defendant contested the assertion in the complaint that the requisite matter in controversy was involved. *See generally McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 179, 56 S. Ct. 780, 780, 80 L. Ed. 1135 (1936). The Supreme Court held that "the court may . . . insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *Id.* at 189, 56 S.Ct. 780.

### III.  Discussion

As an initial matter, Plaintiff's Complaint contains a facial defect. "A Court is without subject matter jurisdiction if a plaintiff fails to allege the requisite amount in controversy." *Marchi v. Nationstar Mortg., LLC*, No. CV 16-6044, 2016 WL 7104843, at *2 (D.N.J. Dec. 5, 2016); *Prof'l Cleaning & Innovative Bldg. Servs. V. Kennedy Funding, Inc.*, 2009 WL 1651131, at *14 (D.N.J. June 12, 2009). As discussed, Federal district courts have subject matter jurisdiction over suits "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]."

6

28 U.S.C. § 1332(a). Here, Plaintiff's Complaint alleges that the unpaid loan amounts exceed $75,000 ***inclusive of costs and interest***. *See* Compl. ¶ 13 [Dkt. 1] ("The unpaid loan amounts, inclusive of costs and interest, exceed $75,000.00."). Aside from the single allegation that "[t]he unpaid loan amounts, inclusive of costs and interest, exceed $75,000.00[,]" the Complaint is silent as to the extent of monetary damages suffered. *Id*. Accordingly, the amount in controversy is not facially apparent from the Complaint. Because it is not facially apparent that Plaintiff has alleged an amount in controversy exceeding $75,000 exclusive of interest and costs, and considering the paucity of factual averments surrounding the monetary damages and the claimed breach(es) more generally, the Complaint does not allege sufficient grounds to establish subject matter jurisdiction. The Court recognizes the possibility that Plaintiff misapprehended the amount in controversy requirement of 28 U.S.C. § 1332(a) in alleging that "[t]he unpaid loan amounts, inclusive of costs and interest, exceed $75,000.00." *Id*. Nevertheless, the Court declines to exercise jurisdiction based on an inaptly phrased pleading in the absence of information to suggest Plaintiff could recover more than $75,000. *See Probola v. Long & Foster Real Estate, Inc.*, No. CIV. 11-6334, 2012 WL 194955, at *3 (D.N.J. Jan. 23, 2012) (declining to exercise jurisdiction "based on an inaptly phrased pleading in the absence of compelling evidence that would suggest that Plaintiffs could recover more than [the jurisdictional minimum].").

Beyond this facial defect identified by the Court, the sufficiency of Plaintiff's jurisdictional allegations is the subject of a factual challenge raised in the Motion. Ashley Coleman advances a reasoned argument disputing the basis of Plaintiff's amount in controversy pleadings. According to Ms. Coleman, the veracity of Plaintiff's general

assertion of jurisdiction in paragraph 7 of the Complaint and its two accompanying exhibits is belied by Defendants' stipulations of settlement and the State trial court's findings and conclusions in the divorce proceeding attached to the Motion. The Court agrees that Plaintiff's attempt at establishing § 1332 jurisdiction falters in view of this contravening evidence and Plaintiff's burden.

Turning to the specifics of the factual information before the Court, Exhibit "B" to the Complaint is a November 14, 2017 email from Thomas Coleman to Peter Coleman relating to the "Mountwell" loan. Ashley Coleman acknowledges for the purpose of the instant Motion that the email contained in Exhibit "B" concerning the "Mountwell" loan refers to "the $25,000 obligation ruled on by the New Jersey Superior Court in the divorce proceedings[,]" the balance of which the State court found Ashley Coleman and Thomas Coleman are responsible for 50%, respectively. Mot. at *2, 3; Decl. of John C. Grady ¶ 3, Exhibit 2, Amended Dual Final Judgment of Divorce at *3. Exhibit "A" to the Complaint is a September 23, 2015 email from Thomas Coleman to Peter Coleman relating to what has been identified as the "Tacoma" loan. Ashley Coleman disputes that she bears any responsibility under the "Tacoma" loan and instead contends that Thomas Coleman is the sole obligor. *See* Mot. at *2.

Notwithstanding the parties' dispute on the merits of Defendants' alleged breach, which the Court does not have occasion to opine on at this time,[1] the Court observes that

---

[1] The Court is mindful of the Third Circuit's admonition not to rule on the merits of Plaintiff's action in light of the fewer procedural protections accorded to a plaintiff under the 12(b)(1) standard. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008), as amended (Sept. 29, 2008) ("By requiring less of a factual showing than would be required to succeed at trial, district courts ensure that they do not prematurely grant Rule 12(b)(1) motions to dismiss claims in which jurisdiction is intertwined with the merits and could be established, along with the merits, given the benefit of discovery.").

Plaintiff has presented no facts or evidence regarding the terms or amounts purportedly owed under the "Tacoma" loan. Plaintiff's Complaint and opposition briefing is bereft of such context as the principal amount, interest rate, fees, or communications or writings to which Ms. Coleman was a party. In the absence of such facts, the Court looks to the contents of Defendants' divorce proceeding introduced by Ms. Coleman, which describe certain outstanding obligations owed by Defendants. These documents likewise are essentially silent on the details of Defendants' respective obligations pursuant to the "Tacoma" loan, if any, and speak nothing of a direct obligation on the part of Ms. Coleman owed to Plaintiff. The Stipulations of Settlement reference only the fact that "Ms. Coleman's equity [in rental properties] will be determined by the balance of the Chase loans and the loan owed to Peter Coleman. We call that the Tacoma loan, because he took a loan against the Tacoma property for it . . ." Decl. of John C. Grady ¶ 4, Exhibit 3, Stipulations of Settlement, 6:3-6. Similarly, the Amended Dual Final Judgment of Divorce simply provides that "[Ashley Coleman's] equity in the rental properties shall be determined by . . . the loan owed to Peter Coleman, otherwise known as the 'Tacoma Loan' as Peter Coleman took a loan against his Tacoma property to fund the purchase of the rental." Decl. of John C. Grady ¶ 3, Exhibit 2, Amended Dual Final Judgment of Divorce at *5.

Construing the facts in a light most favorable to the non-moving party, the Court accepts for purposes of the instant Motion that the principal amount owed under the "Mountwell" loan is for $25,000. Both the State court's Amended Dual Final Judgment of Divorce [Decl. of John C. Grady ¶ 3, Exhibit 2] and Thomas Coleman's Notice of Cross Motion for Enforcement of Litigant's Right's [Decl. of John C. Grady ¶ 6, Exhibit 5]

describe Ms. Coleman's share of debt under the "Mounwtell" loan as $12,500. However, for present purposes, the Court assumes it is at least Plaintiff's allegation that Defendants are jointly liable for the total amount. Now, even if the "Tacoma" loan proceeds from a valid and enforceable agreement, which the Court also assumes for purposes of this Motion, there is no basis for making even a guess as to what the outstanding financial obligations of any party might be, much less the obligations of Ms. Coleman, who was neither identified in the September 23, 2015 email, the Amended Dual Final Judgment of Divorce, the Stipulations of Settlement, or in Thomas Coleman's Notice of Cross Motion for Enforcement of Litigant's Right's as owing any amounts. Thus, in the face of Ms. Coleman's challenge it is not enough for Plaintiff to fall back on on the conclusory assertion that damages exceed $75,000, that other loans are "presently unascertained" [Opp. at *4 (citing Compl. ¶ 7)], or that it will support its allegations on jurisdictional prerequisites during discovery [*see* Transcript of February 15, 2022 Hearing at 18:23-25, 19:1 ("Throughout discovery we will provide documentation regarding this set of loans."). Rather, "because the facts surrounding the amount in controversy are in dispute, Plaintiffs must justify their allegations as to the amount in controversy by a preponderance of evidence." *Heleine v. Saxon Mortg. Servs., Inc.*, No. CIV.A. 11-5695 FLW, 2013 WL 1352257, at *4 (D.N.J. Apr. 2, 2013); *see also McNutt*, 298 U.S. at 189 (holding that party asserting jurisdiction "must carry throughout the litigation the burden of showing that he is properly in court"). This case therefore presents a situation where the Court should "insist that the jurisdictional facts be established or the case be dismissed[.]" *McNutt*, 298 U.S. at 189, 56 S.Ct. 780.

Plaintiff appears to acknowledge that he has in his possession certain information which, if alleged, may theoretically conform the pleadings to § 1332's amount-in-controversy requirement. *See* Transcript of February 15, 2022 Hearing at 18:23-25, 19:1 ("Throughout discovery we will provide documentation regarding this set of loans."). Yet, at this juncture, Plaintiff has declined the opportunity support his general allegation of damages with facts or evidence from which the Court could draw reasonable deductions, inferences, or extrapolations about the propriety of its jurisdiction over this action. *Heleine*, 2013 WL 1352257, at *5 (granting defendant's motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) where "Plaintiffs [did] not respond to Defendants jurisdictional challenge with any declarations, affidavits, or other evidence to support their position" and "Plaintiffs h[ad] not demonstrated that it is more likely than not that they satisfy [the] amount in controversy requirement[.]"). The Court certainly appreciates that the exact amount may be unknown at this time and may only be ascertained through discovery. But as it is presently constituted, the Complaint's allegations are simply too amorphous and speculative to undergird a finding that the jurisdictional minimum is satisfied, particularly when viewed against Ms. Coleman's contravening evidence. "If . . . allegations of jurisdictional facts are challenged by [the] adversary . . . [the party asserting jurisdiction] must support them by competent proof." *McNutt*, 298 U.S. at 189, 56 S.Ct. 780; *Anthony C. Mengine L., Inc. v. Healthport*, 695 F. Supp. 2d 225, 229 (W.D. Pa. 2010).

Accordingly, the Court will grant Plaintiff leave to amend his complaint for the purpose of alleging facts to conform the pleadings to § 1332's amount-in-controversy requirement.

11

## IV.    Conclusion

For the foregoing reasons, Defendant Ashley Coleman's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. 7] will be granted pursuant to Federal Rule of Civil Procedure 12(b)(1) and Plaintiff's Complaint will be dismissed without prejudice. Plaintiff will be granted leave to amend the Complaint within thirty (30) days. An accompanying order will follow.

February 28, 2024.

                                              s/ Joseph H. Rodriguez
                                              Hon. Joseph H. Rodriguez,  U.S.D.J.